Mr. Robert J. Riggio Ponce Inlet Town Attorney 4680 South Peninsula Drive Ponce Inlet, Florida 32127
Dear Mr. Riggio:
You have asked for my opinion on substantially the following question:
Does the public records exemption contained in section112.3188(2)(b), Florida Statutes, apply to records received by a municipality conducting an active investigation of a complaint filed against a public officer or employee by a whistle-blower, or is the exemption limited to records received as part of an active investigation of a complaint of retaliation against a whistle-blower?
In sum:
Section 112.3188(2)(b), Florida Statutes, provides confidentiality for those records received by a municipality conducting an active investigation of a whistle-blower complaint and is not limited to those records received as part of an active investigation of a complaint of retaliation. However, while the name or identity of the individual disclosing this information is confidential, the initial report of wrongdoing received by the municipality is a public record, since that information was received before an investigation was begun.
The facts upon which your opinion request is based are as follows: An anonymous individual submitted written documents to the Acting Town Manager of Ponce Inlet complaining of certain misconduct by the Town's chief building official. Subsequently, the Acting Town Manager suspended the building official and commenced an investigation. The Daytona Beach News-Journal requested access to the written materials setting forth the complaint against the building official, and the Town, through its attorney, asserted that the records are exempt under section 112.3188(2)(b), Florida Statutes. Resolution of this issue involves statutory interpretation and you have asked for an Attorney General's Opinion.
The Whistle-blower's Act, codified in sections 112.3187-112.31895, Florida Statutes, is intended to prevent agencies or independent contractors from taking retaliatory action against an employee who reports violations of law on the part of a public employer or an independent contractor. It further protects any individual who discloses information to an appropriate agency alleging an improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee.[1] The act provides that for disclosures concerning a local governmental entity, such as a municipality, the information must be disclosed to a chief executive officer as defined in section 447.203(9), Florida Statutes,[2] or "other appropriate local official."[3] Moreover, the information may be disclosed to the staff of these officials and retain its confidential status.[4]
Section 112.3188(2)(b), Florida Statutes, states:
"All information received by a local chief executive officer or appropriate local official or information produced or derived from fact-finding or investigations conducted pursuant to the administrative procedure established by ordinance by a local government as authorized by s. 112.3187(8)(b) is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution, if the information is being received or derived fromallegations as set forth in paragraph (1)(a) or paragraph (1)(b)and an investigation is active." (e.s.)
By its own terms, the exemption in section 112.3188(2)(b), Florida Statutes, is limited to information satisfying two statutory requirements: it must be developed from allegations as set forth in section 112.3188(1)(a) or (b), Florida Statutes, and it must be the subject of an active investigation. Both aspects of this test must be met.
Section 112.3188(1)(a) and (b), Florida Statutes, describes the type of information that must be disclosed by an individual entitled to receive the protections provided under the act and includes allegations that an employee or agent of an agency or independent contractor:
"(a) Has violated or is suspected of having violated any federal, state, or local law, rule, or regulation, thereby creating and presenting a substantial and specific danger to the public's health, safety, or welfare; or
(b) Has committed an act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty[.]"[5]
The act specifically addresses who is entitled to take advantage of its protections:
"This section protects employees and persons who disclose information on their own initiative in a written and signed complaint; who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity; who refuse to participate in any adverse action prohibited by this section; or who initiate a complaint through the whistle-blower's hotline; or employees who file any written complaint to their supervisory officials or employees who submit a complaint to the Chief Inspector General in the Executive Office of the Governor, to the employee designated as agency inspector general under s. 112.3189(1), or to the Office of the Public Counsel. . . . No remedy or other protection under ss.112.3187-112.31895 applies to any person who has committed or intentionally participated in committing the violation or suspected violation for which protection under ss.112.3187-112.31895 is being sought."[6]
In order to qualify as a whistle-blower complaint, particular information must be disclosed to certain statutorily designated officials; a general complaint of wrongdoing or a complaint to officials other than those specifically named does not entitle the complainant to whistle-blower protection.[7]
An examination of the terms of the "Whistle-blower's Act" and the relevant legislative history leads me to conclude that the confidentiality provisions of section 112.3188(2), Florida Statutes, extend to information received by a municipality that is the subject of an active whistle-blower investigation pursuant to the terms of the act.
Subsection (2)(c) of section 112.3188, Florida Statutes, provides that the information deemed confidential under this section may be disclosed by certain designated officials "if . . . the disclosure of the information is absolutely necessary to prevent a substantial and specific danger to the public's health, safety, or welfare or to prevent the imminent commission of a crime." The nature of the information considered by this provision would appear to be more directly related to a whistle-blower disclosure than to information relating to a prohibited retaliatory personnel action.
Legislative committee meetings considering the wording and intent of subsection (2) of section 112.3188, Florida Statutes, indicate that one purpose of the legislation was to ensure governmental accountability, that is, to "take the information the whistle-blower is bringing, to see if we can make state government more effective or efficient[.]"[8] The Senate Staff Analysis on Senate Bill 1958, codified as Chapter 93-57, Laws of Florida 1993, indicates that subsection (2) "relates to confidentiality of the identity of the individual who makes the whistle-blower disclosureand of the information disclosed." (e.s.)[9]
A review of the legislative history relating to the 1995 amendment of section 112.3188(2), Florida Statutes, supports the conclusion that confidentiality is provided for information that is disclosed by a whistle-blower and is the subject of an active investigation. A summary of Senate Bill 530[10] states that
"The bill would amend the Whistle-blower's Act to specify that information may be given to a local chief executive officer or other appropriate local official and that the identity of theindividual who provides the information, as well as theinformation he or she provides, is confidential and exempt from s.119.07(1), F.S., and s. 24(a), Art. I of the StateConstitution."[11] (e.s.)
In analyzing the constitutional issues presented by amendments to section 112.3188(2), Florida Statutes, the Legislature made a finding of public necessity for the confidential treatment of whistle-blower information and stated:
"The bill provides that if this information were made available to the public, the persons being investigated would have access to such information, which could contribute to cover-up or retaliatory action and thus potentially defeat the purpose of the investigation. This would in turn impede the effective and efficient operation of investigatory functions."[12]
Based on these sources it appears that the confidentiality provisions of section 112.3188(2)(b), Florida Statutes, extend to those records received by a municipality conducting an investigation of a whistle-blower's complaint.
I would note that the statute makes no distinction between information received from an anonymous source and that from someone who may be identifiable. While in this case the allegations of wrongdoing were received from an anonymous source, the intent of the statute is not only to protect the reporter but also to protect the integrity of the investigation of wrongdoing. Thus, the information received or generated during the course of the investigation is subject to the public records exemption in section 112.3188(2)(b), Florida Statutes, without regard to the source of that information.
Section 112.3188(2)(b), Florida Statutes, requires not only that the information received be of the nature specified but that the information must also be the subject of an active investigation. In this respect, the confidentiality of whistle-blower records is similar to crime and incident reports made to law enforcement agencies.
This office has, in prior opinions,[13] concluded that crime and incident reports prepared after a crime has been committed but prior to the arrest of a suspect are generally open to public inspection under the Public Records Law. However, active criminal investigative information and active criminal intelligence information are exempt from public inspection pursuant to section119.07(3)(b), Florida Statutes. In order to be exempt, the record must be both "active" and constitute either "criminal investigative" or "criminal intelligence" information.
Similarly, in order to be protected, whistle-blower information must be both the subject of an active investigation and the type of information required by the statute.[14] Thus, in this case, the initial records complaining of misconduct by the Town of Ponce Inlet's chief building official would be public records subject to disclosure since an active investigation was not commenced until after these documents were received. However, section 112.3188(1), Florida Statutes, would provide confidentiality for the name or identity of the individual initially disclosing this information. Any records or information made or received by the appropriate officials while an active investigation is on-going are exempt from disclosure.
Therefore, it is my opinion that rather than limiting its scope to those records received as part of an active investigation of a complaint of retaliation, section 112.3188(2)(b), Florida Statutes, extends confidentiality to those records made or received by a municipality conducting an active investigation of a whistle-blower disclosure and these records remain confidential until resolution of the investigation.[15] However, the initial report of wrongdoing received by the municipality is a public record since that information was received before an investigation was begun.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 112.3187(2), Fla. Stat.
[2] Section 447.203(9), Fla. Stat., states that "`[c]hief executive officer' for the state shall mean the Governor and for other public employers shall mean the person, whether elected or appointed, who is responsible to the legislative body of the public employer for the administration of the governmental affairs of the public employer."
[3] Section 112.3187(6), Fla. Stat.
[4] See, Op. Att'y Gen. Fla. 96-40 (1996), discussing who may be considered within the scope of the term "other appropriate local official."
[5] Section 112.3188(1)(a) and (b), Fla. Stat.
[6] Section 112.3187(7), Fla. Stat.
[7] See, Ops. Att'y Gen. Fla. 93-80 (1993) in which it was concluded that a complaint filed with the Office of the Public Counsel did not come within the scope of the Whistle-blower's Act so that the protections of the act would be extended to the complainant, nor would transferring a copy of the complaint to the Chief Inspector General transform the complaint into one made within the terms of the statute; and 95-20 (1995).
[8] Tape of Senate Government Reforms and Oversight Committee meeting on SB 1958, dated March 10, 1993.
[9] Senate Staff Analysis and Economic Impact Statement on Senate Bill 1958, dated March 4, 1993.
[10] Senate Bill 530 became Chapter 95-166, Laws of Florida.
[11] Senate Staff Analysis and Economic Impact Statement on Senate Bill 530, dated March 20, 1995.
[12] Ibid.
[13] See, Ops. Att'y Gen. Fla. 91-74 (1991) and 80-96 (1980).
[14] Cf., s. 119.07(3)(q), Fla. Stat., which provides for the confidentiality of "[a]ll complaints and other records in the custody of any agency in the executive branch of state government" which relate to a complaint of employment discrimination.
[15] Section 112.3188(2)(c)1.-2., Fla. Stat., provides that an investigation is considered active if:
"a. It is an ongoing investigation or inquiry or collection of information and evidence and is continuing with a reasonable, good faith anticipation of resolution in the foreseeable future; or
b. All or a portion of the matters under investigation or inquiry are active criminal intelligence information or active criminal investigative information as defined in s. 119.01."
This section also provides that an investigation ceases to be active when:
"a. The written report required under s. 112.3189(9) has been sent by the Chief Inspector General to the recipients named in s.112.3189(9);
b. It is determined that an investigation is not necessary under s. 112.3189(5); or
c. A final decision has been rendered by the local government or by the Division of Administrative Hearings pursuant to s.112.3187(8)(b)."